OPINION OF THE COURT
Harold Tompkins, J.
The making of frivolous and unnecessary motions warrants the imposition of sanctions. A motion for summary judgment by the plaintiff in a typical negligence slip and fall case on a bare complaint is unwarranted and should result in appropriate costs.
This action arises out of plaintiff’s slip and fall on the defendant’s driveway. No discovery of any sort has been conducted in this case. There has been no deposition testimony, nor notices to admit so as to establish the facts in this case. No photographs or other proof of the driveway’s condition is annexed. No proof of the length of time that the *22 driveway allegedly existed in this poor condition is given; merely plaintiffs conclusory statement that the condition must have existed for quite sometime. No proof of any sort is given as to the nature or extent of plaintiffs injuries. Further, no evidence has been proffered regarding the plaintiffs culpable conduct.
Plaintiff has failed to make even a minimal showing of entitlement to judgment as a matter of law in precisely the sort of case that is most suited to a jury’s resolution of credibility.
The court feels that this motion is frivolous, unnecessary and wholly without merit. The plaintiff’s persistence after oral argument before the court in seeking a disposition of this motion was frivolous and unnecessary and constitutes a wasteful misuse and burden on judicial resources as well as clerical backup support.
An application for summary judgment can often serve the beneficial purposes of narrowing and clarifying the issues and material facts in dispute. A necessary precondition to these statutory purposes is a good-faith basis in law or facts. In a case such as this, where no discovery has been conducted and only a bare complaint supports the allegations, the court believes that a motion for summary judgment lacks a good-faith basis.
Summary judgment for the plaintiff is proper in a negligence case only where there is no conflict in the evidence, defendant’s conduct fell far beyond any permissible standard of due care and plaintiff’s conduct is not involved or is clearly exemplary (Ugarriza v Schmieder, 46 NY2d 471 [1979]; Andre v Pomeroy, 35 NY2d 361 [1974]). Plaintiff’s motion for summary judgment is denied.
The court is aware that Matter of A. G. Ship Maintenance Corp. v Lezak (69 NY2d 1 [1986]) holds that there is no inherent judicial power to impose sanctions for frivolous and wasteful litigation. In this case both statutory authority (CPLR 8303-a) and regulatory authorization — the Uniform Rules for Trial Courts (22 NYCRR 202.12 [g]) — empower this court to take appropriate action to assess costs. This action has the benefits of punishing meritless behavior, compensating a responding party for its time and expense and deterring future misbehavior.
*23 Pursuant to 22 NYCRR 202.12 (g) and CPLR 8303-a, the court imposes costs and sanctions in the sum of $250 to be hand-delivered to defendant’s attorney within 10 days after service of a copy of this order with notice of entry. If the directed sanction is not properly paid, the court will entertain any application by defendants for further sanctions.