■ ROSE BUCKLEY et al., Respondents, v ROCKEFELLER GROUP, INC., et al., Appellants, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendants Rockefeller Group, Inc., and Radio City Music Hall Productions, Inc., doing business as RCP Associates, appeal from so much of an order of the Supreme Court, Queens County (Posner, J.), dated August 11, 1987, as denied their motion, *inter alia,* for summary judgment, and awarded costs to the plaintiffs.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs brought this action to recover damages after the plaintiff Rose Buckley fell on the wet floor of a lobby of a building allegedly owned, operated and controlled by the appellants. Although the appellants admitted ownership of the premises, they denied that they in any way operated or controlled the building. Since the only proof offered by the appellants to support their contention that they did not operate or control the premises was the unsubstantiated conclusory testimony of an employee at an abbreviated examination before trial, the Supreme Court properly denied the appellants' motion for summary judgment (CPLR 3212 [b]; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Fox v Wyeth Labs.,* 129 AD2d 611; *Raia Indus. v Young,* 124 AD2d 722; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132). The appellants failed to produce a lease or other documentation indicating the transfer of the operation and control of the building to another party and therefore failed to make a prima facie showing of entitlement to judgment as a matter of law *(cf., McGill v Caldors, Inc.,* 135 AD2d 1041; *Bellen v Lomanto,* 125 AD2d 905, *lv denied* 69 NY2d 610). Since a triable issue of fact remains with regard to the appellants' liability in this action, the motion for summary judgment was properly denied.

The awarding of costs to the plaintiffs in this case did not constitute an improvident exercise of discretion (CPLR 8106; *Carp v Marcus,* 116 AD2d 854; *Matter of Kavares [MVAIC],* 29

AD2d 68, *affd sub nom. Matter of McEntee [MVAIC],* 28 NY2d 939; *England v Gradowitz Bros. Realty Corp.,* 137 Misc 2d 21; Siegel, NY Prac § 414). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.