■ CARLOS GOMARIZ, Appellant, v FOOTE, CONE & BELDING COMMUNICATIONS, INC., et al., Respondents. [644 NYS2d 224]

The motion court, in dismissing the complaint, properly determined that Judiciary Law § 519, which makes it a misdemeanor punishable by a penalty of criminal contempt to dismiss an employee for serving on a jury but does not expressly provide for a private right of action, does not impliedly create a private civil cause of action by the employee so terminated as against the employer. Plaintiff has failed to establish, under the test to determine whether a private cause of action may be implied from such a statute, that the creation of such a right would be consistent with the legislative scheme (*Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634). The legislative history of the statute indicates that the purpose was to provide for the adequate functioning of the jury system and not to compensate employees terminated for fulfilling jury duty.

The court also properly found that plaintiff, as an at-will employee whose employment may be freely terminated at any time for any reason or even for no reason (*Sabetay v Sterling Drug*, 69 NY2d 329, 334), had failed to state a cause of action for breach of contract as against defendants based upon a provision in an employment handbook which encouraged employees to fulfill their jury duty. The handbook prominently stated, in an explicit disclaimer, that it did not constitute an employee contract, and therefore did not place an express contractual limitation upon the employer's unfettered right to terminate that at-will employment (*Matter of Fiammetta v St. Francis Hosp.*, 168 AD2d 556, 557).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Wallach, Ross and Nardelli, JJ.