◼ MICHAEL J. ASHE, Respondent, v MOHAWK VALLEY NURSING HOME, INC., et al., Appellants. (Action No. 1.) KEVIN D. GOHDE, Respondent, v MOHAWK VALLEY NURSING HOME, INC., et al., Appellants. (Action No. 2.) [701 NYS2d 536] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants appeal from an order that denied their motion for summary judgment dismissing the complaints with leave to renew following the deposition of defendant Mary Jean Peck. Plaintiffs commenced separate actions alleging defamation and wrongful termination after they were fired from their positions as maintenance workers in a nursing home owned by defendant Mohawk Valley Nursing Home, Inc. (Mohawk Valley). Peck was the administrator of the nursing home at the time, and fired plaintiffs for having misappropriated property belonging to the nursing home. Plaintiffs allege that Peck defamed them by making statements to that effect to various nursing home employees, and by opposing plaintiffs' applications for unemployment insurance benefits on the ground that plaintiffs had misappropriated property. Plaintiffs also allege that they were wrongfully terminated from their positions.

Defendants contend that they submitted evidence in admissible form sufficient to establish that the statements made by Peck to various employees are not actionable because they are protected by a qualified privilege and plaintiffs failed to raise a triable issue of fact whether the statements were motivated solely by ill will or actual malice (*see, Noble v Creative Tech. Servs.*, 126 AD2d 611, 612). We agree with Supreme Court that, in light of the conflicting affidavits concerning the events

surrounding plaintiffs' terminations, the determination whether plaintiffs can raise an issue of fact whether Peck acted with malice should not be made until Peck has submitted to a deposition. We disagree with defendants' contention that the documentary evidence submitted to the court establishes that plaintiffs' attorney stipulated that defendants' motion for summary judgment should be resolved despite the lack of Peck's deposition.

Defendants are entitled to summary judgment dismissing the third and fourth causes of action alleging that plaintiffs were defamed by a written statement of Peck and by testimony given by her in the context of a proceeding involving plaintiffs' applications for unemployment insurance. Statements made in the context of those proceedings are absolutely privileged irrespective of motive as long as they were material to the issues involved therein (*see, Wiener v Weintraub,* 22 NY2d 330, 331; *Seymour v New York State Elec. & Gas Corp.,* 215 AD2d 971, 972-973; *Noble v Creative Tech. Servs., supra,* at 613).

Defendants are also entitled to summary judgment dismissing the sixth causes of action alleging wrongful termination. Plaintiffs were at-will employees and, in response to defendants' motion, failed to submit evidence to raise a triable issue of fact whether the employee handbook "amounted to an express agreement between those parties limiting the employer's otherwise unfettered right to terminate its employees" (*Sabetay v Sterling Drug,* 69 NY2d 329, 334). In fact, the employee handbook specifically provided that it "is not intended to, and does not, constitute a contract between the Mohawk Valley Nursing Home, Inc. and the employee", thereby rendering unreasonable any reliance plaintiffs may have placed upon it (*see, Stanton v Highland Hosp. of Rochester,* 197 AD2d 854, 855).

We therefore modify the order by granting defendants' motion in part and dismissing the third, fourth and sixth causes of action in the complaints. (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ. (Filed May 12, 1999.)