■ DENNIS LARKIN, by His Legal Guardian and Conservatrix, AUDREY LARKIN, et al., Respondents, v RADIO CITY MUSIC HALL CORPORATION et al., Defendants, and ROBERT LONGBOTTOM et al., Appellants. [723 NYS2d 496] —Orders, Supreme Court, New York County (Diane Lebedeff, J.), entered October 15, 1999 and September 21, 2000, which, in an action for personal injuries sustained when plaintiff fell off the stage at Radio City Music Hall during the course of his employment there as a stagehand, insofar as appealed from, denied motions by defendants-appellants landlords and show director for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, with separate bills of costs payable to plaintiffs by defendants RCP Associates and RCP XI, Inc.

An issue of fact exists as to whether defendant landlords, at the time of the accident, were responsible for maintenance of the stage elevator and its shaft into which plaintiff fell. Such issue is largely attributable to the landlords' failure to produce the lease that was in effect at the time of the accident (*see*, *Buckley v Rockefeller Group*, 143 AD2d 623). The 1982 lease on which the landlords appear to rely is simply not consonant with their position, in that, among other things, it bars the tenant from making any structural repairs or alterations without the landlord's written consent, and reserves control over various portions of the premises to the landlord, including "any space in and/or adjacent to the premises used for shafts." There is no merit to the landlords' contention that the furnishing of protection against a fall into an elevator shaft does not constitute a structural alteration (*see*, *De Cristofaro v Joann Enters.*, 243 AD2d 1015, 1016-1017; *McGilloway v Block 1289 Assocs.*, 266 AD2d 35, *lv dismissed* 94 NY2d 915, *lv denied* 95

NY2d 755; *Wagner v Grinnell Hous. Dev. Fund Corp.*, 260 AD2d 265). The landlords' assertion that the elevator shaft complied with all applicable code provisions and was otherwise reasonably safe as a matter of law is improperly raised for the first time on appeal. In any event, code compliance would not be dispositive of whether the landlords had a common-law duty to protect plaintiff against an unguarded 27-foot drop (*see, Kellman v 45 Tiemann Assocs.*, 87 NY2d 871, 872).

As to defendant show director, although he did not design the elevator and its appurtenant shaft, lacked authority to install protection against the open shaft and did not directly supervise the stagehands, a jury could reasonably conclude that his conception of the show was such as to subject stagehands such as plaintiff to an unreasonable risk of falling into the shaft.

We have considered appellants' other arguments and find them to be unavailing. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.