■ ELENI DROGARIS, Respondent, v TRUSTEES OF COLUMBIA UNIVERSITY IN CITY OF NEW YORK et al., Appellants. [743 NYS2d 115] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated May 15, 2001, as denied that branch of their motion which was for summary judgment dismissing the cause of action based on the failure of the defendant Marijeanne Liederbach to exercise due care.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was enrolled in a graduate degree program at

the defendant Columbia University Teacher's College, which included a required course in kinesiology, or the study of movement. The course was taught by the defendant Marijeanne Liederbach and included lectures and physical demonstrations in which the students participated. During a demonstration of a clinical test known as the "Thomas test," in which the plaintiff participated as a model, Liederbach allegedly hyperextended the plaintiff's right leg, causing a muscle tear. The plaintiff commenced this action against the defendants.

The defendants moved for summary judgment dismissing the cause of action based on Liederbach's alleged failure to exercise due care, arguing that there was no evidence that Liederbach was negligent and that the plaintiff voluntarily assumed the risk of injury by participating in the class.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action based upon Liederbach's alleged failure to exercise due care. The defendants failed to meet their burden of establishing, as a matter of law, that Liederbach was not negligent when she performed the Thomas test on the plaintiff (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The respective deposition testimonies of the plaintiff and Liederbach presents conflicting evidence as to how the Thomas test should be performed and how it was actually performed.

Under the circumstances of this case, the defendant was not entitled to summary judgment based on the primary assumption of risk doctrine (*see Morgan v State,* 90 NY2d 471; *Convey v City of Rye School Dist.,* 271 AD2d 154; *Lorefice v Reckson Operating Partnership,* 269 AD2d 572). Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.