■ JOSEF KREIMER et al., Appellants, v ROCKEFELLER GROUP, INC., et al., Defendants, and RCP ASSOCIATES, Respondent. [768 NYS2d 333]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 13, 2002, as granted that branch of the motion of the defendants Rockefeller Group, Inc., RCP Associates, Rockefeller Center, Inc., and Rockefeller Center Management which was for summary judgment dismissing the complaint insofar as asserted against the defendant RCP Associates.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated against the defendant RCP Associates.

The plaintiffs brought this action to recover damages after the plaintiff Josef Kreimer slipped and fell on a curb-cut sidewalk incline. The plaintiffs alleged that the sidewalk incline was negligently installed and maintained by, among others, the abutting property owner, the defendant RCP Associates.

The Supreme Court erred in granting summary judgment to RCP Associates. RCP Associates did not meet its burden of establishing that it did nothing to create the alleged defective sidewalk condition (*see Breger v City of New York*, 297 AD2d 770, 771 [2002]; *Mendoza v City of New York*, 205 AD2d 741, 742 [1994]; *Botfeld v City of New York*, 162 AD2d 652, 653 [1990]). The only proof offered by RCP Associates was the unsubstantiated and conclusory affidavit of its principal, Kenneth Perko, who stated that RCP Associates was an out-of-possession landlord that did not have control over the abutting premises or the accident site. Without producing the written lease or other acceptable documentation indicating this lack of control, RCP Associates failed, prima facie, to demonstrate its entitlement to judgment as a matter of law (*see Larkin v Radio City Music Hall Corp.*, 282 AD2d 405 [2001]; *Vasquez v RVA Garage*, 238 AD2d 407, 408 [1997]; *Buckley v Rockefeller Group*, 143 AD2d 623 [1988]).

In any event, the plaintiffs raised triable issues of fact by submitting (1) RCP Associates' "Distinctive Street Improvement Maintenance Declaration," and (2) Perko's affidavit from a prior bankruptcy proceeding. These evidentiary items raised

material questions of fact regarding RCP Associates' role in creating the alleged defect and Perko's credibility (*see Williams v O & Y Concord 60 Broad St. Co.,* 304 AD2d 570, 571 [2003]; *Wilk v Cohen,* 254 AD2d 57 [1998]; *Botfeld v City of New York, supra* at 653-654).

In light of the foregoing, the plaintiffs' remaining contentions need not be reached. Santucci, J.P., Adams, Crane and Cozier, JJ., concur.