■ LYNN F. THOMPSON, JR., Appellant, v PATRICK CORBETT et al., Defendants, and DANIEL & MATTHEWS PROPERTIES, INC., et al., Respondents. (Action No. 1.) ALLEN R. POWELL, Appellant, v PATRICK CORBETT et al., Defendants, and DANIEL & MATTHEWS PROPERTIES, INC., et al., Respondents. (Action No. 2.) [787 NYS2d 563]—

Appeal from an order of the Supreme Court, Onondaga County (Robert J. Nicholson, J.), entered October 15, 2003. The order, insofar as appealed from, granted in part the motion of defendants Daniel & Matthews Properties, Inc. and Mat J.D., Inc. for summary judgment dismissing the amended complaint in action No. 1 and the complaint in action No. 2 against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion seeking summary judgment dismissing the amended complaint in action No. 1 and the complaint in action No. 2 with the exception of the claims for punitive damages against defendant Daniel & Matthews Properties, Inc. and reinstating the amended complaint and the complaint to that extent against defendant Daniel & Matthews Properties, Inc. and by reinstating the cross claims against defendant Daniel & Matthews Properties, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs each commenced an action seeking damages for injuries they sustained when defendant Patrick Corbett stabbed them in the parking lot of a tavern known as Rosie O'Grady's (O'Grady's) with a knife that he retrieved from

a table in the kitchen of that establishment. Defendant Daniel & Matthews Properties, Inc. (Daniel & Matthews) owns the property, and defendant Mat J.D., Inc. operates O'Grady's. Both corporations (collectively, corporate defendants) have the same two principals, one of whom was engaged to Corbett at the time of the incident.

Contrary to plaintiffs' contention, Supreme Court properly granted that part of the motion of the corporate defendants seeking summary judgment dismissing the claims for punitive damages against them in the amended complaint in action No. 1 and the complaint in action No. 2. " 'Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability . . . or where the conduct is so flagrant as to transcend mere carelessness . . . , or where the conduct constitutes willful or wanton negligence or recklessness' " (*Hale v Odd Fellow & Rebekah Health Care Facility*, 302 AD2d 948, 949 [2003]). Although it is undisputed that Corbett had been drinking and that he and plaintiff Allen R. Powell engaged in a heated argument inside O'Grady's shortly before the stabbing, the corporate defendants presented evidence that Corbett did not appear intoxicated; that he had been permitted access to the kitchen on several occasions; that both plaintiffs were escorted without incident from O'Grady's after the argument between Powell and Corbett; and that Corbett was not permitted to leave the premises until the employees believed that plaintiffs had left the parking lot, i.e., approximately 10 to 15 minutes after the argument. The corporate defendants thereby met their burden, and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that Corbett was intoxicated when he entered O'Grady's, that he was served alcohol while in an intoxicated condition, and that the employees permitted him to leave the premises too soon after his argument with Powell, we nevertheless conclude that those acts do not constitute the requisite "conscious disregard of the rights of others or conduct so reckless as to amount to such disregard" (*Hartford Acc. & Indem. Co. v Village of Hempstead*, 48 NY2d 218, 227 [1979]).

We further conclude, however, that the court erred in granting that part of the motion of the corporate defendants seeking summary judgment dismissing the remainder of the amended complaint in action No. 1 and the complaint in action No. 2 against Daniel & Matthews, and we therefore modify the order accordingly. The corporate defendants failed to meet their initial burden inasmuch as they failed to establish that Daniel & Mat-

thews is an out-of-possession landlord and thus failed to establish the applicability of the general rule that an out-of-possession landlord is not liable for injuries sustained on the premises (*cf. Borelli v 1051 Realty Corp.*, 242 AD2d 517 [1997]; *Winter v Jimmy's Lakeside Inn*, 200 AD2d 826 [1994]; *Toma v Charbonneau*, 186 AD2d 846, 847 [1992]). "The only proof offered by [the corporate defendants on this issue] was the unsubstantiated and conclusory affidavit of [a] principal [of the corporate defendants] . . . who stated that [Daniel & Matthews] was an out-of-possession landlord that did not have control over [O'Grady's]. Without producing the written lease or other acceptable documentation indicating this lack of control, [the corporate defendants] failed, prima facie, to demonstrate [the] entitlement [of Daniel & Matthews] to judgment as a matter of law" (*Kreimer v Rockefeller Group*, 2 AD3d 407, 408 [2003]; *see Vasquez v RVA Garage*, 238 AD2d 407, 408 [1997]; *see also Jenkins v Ehmer*, 272 AD2d 976, 977 [2000]). We note that the court also erred in sua sponte dismissing "all" cross claims against Daniel & Matthews, and we therefore further modify the order accordingly. Present—Scudder, J.P., Kehoe, Martoche and Smith, JJ.