■ STEVEN MALDONADO, Respondent, v 1992 FULTON REALTY CORP., Appellant. [802 NYS2d 621]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered April 16, 2004, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Even if defendant landowner complied with the applicable statutes and regulations, that circumstance would not, under the facts at bar, be dispositive of whether defendant discharged its common-law duty to maintain its premises in reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871 [1995]; *Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2004]). On the present record, a factfinder could infer that plaintiff's fall and injury were attributable to irregular, unrailed, or unlit building entry stairs. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and McGuire, JJ.

■ RICHARD J. LAWSON, Appellant, v HOWARD SYSTEMS INTERNATIONAL et al., Respondents. [802 NYS2d 620]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 2, 2004, which, in an action for employment discrimination on the basis of race, insofar as appealed from as limited by plaintiff's brief, denied plaintiff's motion pursuant to Judiciary Law § 519 to hold defendants in criminal contempt for having terminated plaintiff's employment on account of his absence from work by reason of jury service, unanimously affirmed, with costs.

Even assuming the claim was properly entertained as an unpleaded cause of action, the motion was properly denied. No private cause of action exists under Judiciary Law § 519 (*Gomariz v Foote, Cone & Belding Communications*, 228 AD2d 316 [1996]). Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and McGuire, JJ.