TODD SCHOENLANK, Appellant, v YONKERS YMCA et al., Respondents. [845 NYS2d 69]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (LaCava, J.), entered June 22, 2006, which granted the defendants' motion for summary judgment dismissing the complaint, (2) a judgment of the same court entered July 26, 2006, which, upon the order, is in favor of the defendants and against him dismissing the complaint, and (3) an order of the same court dated October 12, 2006, which denied his motion for reargument. The plaintiff's notice of appeal from the order entered June 22, 2006 is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order entered June 22, 2006 is dismissed; and it is further,

Ordered that the appeal from the order dated October 12, 2006 is dismissed, as no appeal lies from an order denying reargument (see Munz v La Guardia Hosp., 109 AD2d 731 [1985]); and it is further,

Ordered that the judgment is reversed, on the law, with one bill of costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order dated June 22, 2006 is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff was an experienced lifeguard who enrolled in a

recertification cardio pulmonary resuscitation (hereinafter CPR) course offered by the defendant Yonkers YMCA. The course was taught by the defendant Gregory Du Sablon, and included lectures and physical demonstrations of CPR and rescue breathing techniques. During the class, Du Sablon used the plaintiff to demonstrate the "head-tilt, chin-lift" technique, which is a method of clearing the airway of an unconscious person. The plaintiff claims that Du Sablon performed this technique in a negligent and reckless manner, thereby causing injury to his neck.

The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that there was no evidence that Du Sablon was negligent, and that the plaintiff voluntarily assumed the risk of injury by participating in the class. The Supreme Court found that the doctrine of primary assumption of risk barred the plaintiff's cause of action. We reverse.

The doctrine of primary assumption of risk precludes a voluntary participant in a sport or recreational activity from recovering for those injuries that may foreseeably result from the realization of a risk inherent in the activity itself (see Morgan v State of New York, 90 NY2d 471 [1997]; Convey v City of Rye School Dist., 271 AD2d 154 [2000]). The doctrine has also been applied in the context of certain nonsporting activities that pose inherent risks to the participants, where participation was voluntary and the injured participant had been fully apprised of the risks involved (see Westerville v Cornell Univ., 291 AD2d 447, 447-448 [2002]).

Here, the defendants failed to establish, prima facie, that the "head-tilt, chin-lift" technique, when properly done, involved any inherent risk of injury to the person on whom it is performed. Thus, the defendants failed to establish, prima facie, that the doctrine of primary assumption of risk applied to the alleged injury-producing conduct (see Ayotte v Gervasio, 81 NY2d 1062 [1993]).

In any event, even if the plaintiff had assumed some degree of risk by allowing the "head-tilt, chin-lift" to be performed on him, the law is clear that "[a] participant does not assume the risk of another participant's negligent [act] which enhances the risk [of injury]" (Convey v City of Rye School Dist., 271 AD2d at 158). The defendants' submission in this case left unresolved issues of fact as to whether Du Sablon's alleged application of "forceful" and excessive pressure and torque to the plaintiff's head and neck for a period of approximately 20 seconds, as he demonstrated the "head-tilt, chin-lift" technique, was negligent and enhanced the risk of injury to the plaintiff's neck. Thus,

the defendants' motion for summary judgment dismissing the complaint should have been denied (see *Drogaris v Trustees of Columbia Univ. in City of N.Y.*, 293 AD2d 705 [2002]). Miller, J.P., Schmidt, Fisher and Lifson, JJ., concur.