■ SHEL KIMEN, Appellant, v FALSE ALARM, LTD., et al., Respondents, et al., Defendant. [893 NYS2d 158]—

The plaintiff allegedly sustained injuries when she fell at premises allegedly owned by the defendants False Alarm, Ltd. (hereinafter False Alarm), and Jay Weitzman, and leased to the defendant Cholo Operating, LLC (hereinafter Cholo). The plaintiff fell from the platform area of an interior entrance ramp she referred to as the "upper mezzanine" area, which was about 97 inches wide, 176 inches long, and about 16 feet above the ground. This platform area was made out of plywood, and it abutted and was flush with the top of a roll-up metal gate. There was no barrier of any kind surrounding this area. The plaintiff

alleged that the platform was sturdy enough to support her weight. She alleged that when she stepped on the top of the roll-up metal gate with her left foot, the gate buckled, causing her to fall to the ground. The plaintiff alleged that at the time of the accident, she did not realize that the black metal abutting the plywood was the top of the roll-up metal gate, or that it was not sturdy enough to support her weight. The only way to access this area was to walk through a door, climb up a staircase, walk across a "lower mezzanine" area, and then climb up a distance of 40 inches. The staircase and the upper and lower mezzanine areas were erected by Cholo during its tenancy.

The owner or possessor of property has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller,* 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). The scope of the landowner's duty varies with the foreseeability of the possible harm (*see Tagle v Jakob,* 97 NY2d 165, 168 [2001]). Irrespective of the absence of a statutory obligation, the owner and possessor of the property have a continuing common-law duty to maintain their premises safe from foreseeable harm (*see Kellman v 45 Tiemann Assoc.,* 87 NY2d 871 [1995]; *Jacqueline S. v City of New York,* 81 NY2d 288 [1993]; *Maldonado v 1992 Fulton Realty Corp.,* 23 AD3d 177 [2005]; *Swerdlow v WSK Props. Corp.,* 5 AD3d 587 [2004]; *Larkin v Radio City Music Hall Corp.,* 282 AD2d 405 [2001]).

Cholo failed to establish that this area it constructed was not hazardous (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Even though the plaintiff did not allege that the premises violated any applicable code provisions, it cannot be said as a matter of law that Cholo satisfied its common-law duty to maintain the premises in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.,* 87 NY2d 871 [1995]; *Jacqueline S. v City of New York,* 81 NY2d 288 [1993]; *Maldonado v 1992 Fulton Realty Corp.,* 23 AD3d 177 [2005]; *Swerdlow v WSK Props. Corp.,* 5 AD3d 587 [2004]; *Larkin v Radio City Music Hall Corp.,* 282 AD2d 405 [2001]). False Alarm and Weitzman failed to establish, prima facie, that they were out-of-possession landlords who did not have actual notice of the alleged hazardous condition of the accident site (*see Dawson v Raimon Realty Corp.,* 303 AD2d 708 [2003]). Additionally, False Alarm, Weitzman, and Cholo (hereinafter collectively the respondents) failed to establish, prima facie, that the plaintiff was not authorized to be in this area and that her conduct was the sole superseding proximate cause of the accident (*see Derdiarian v Felix Contr.*

*Corp.,* 51 NY2d 308 [1980]). Based on the evidence presented, it cannot be said, as a matter of law, that it was open and obvious that the top of the metal roll-up gate was not sturdy enough to support the plaintiff's weight (*see Bruker v Fischbein,* 2 AD3d 254 [2003]; *cf. Decker v C & S Wholesale Grocers, Inc.,* 13 AD3d 573 [2004]; *Meyer v Tyner,* 273 AD2d 364 [2000]), or that there was sufficient warning to give notice of the alleged hazard presented by the subject area (*see generally Nagel v Brothers Intl. Food, Inc.,* 34 AD3d 545 [2006]). Finally, the respondents failed to establish, prima facie, that the action was barred by the doctrine of primary assumption of risk (*see Schoenlank v Yonkers YMCA,* 44 AD3d 927 [2007]). Since the respondents failed to meet their initial burden as the movants, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.