■ MICHAEL BERKOWITZ, Appellant, v LONG ISLAND WATER CORPORATION et al., Respondents. [896 NYS2d 118]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered December 24, 2008, as granted those branches of the motion of the defendants David Braun and Sandra Braun and the separate motion of the defendant Long Island Water Corporation which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants David Braun and Sandra Braun which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying

that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants David Braun and Sandra Braun, and one bill of costs to the defendant Long Island Water Corporation payable by the plaintiff.

The plaintiff alleges that he was injured when he stepped on a metal plate which flipped open, causing him to fall into a pit containing water valves, located partially on his property and partially on the property of his neighbors, the defendants Sandra Braun and David Braun (hereinafter together the Braun defendants). The Braun defendants aver that Sandra Braun owns the property on which they reside, and admit that the metal plate straddles the property line with the plaintiff's property. In support of the Braun defendants' motion for summary judgment, David Braun submitted an affidavit in which he averred that he had never touched the metal plate over the pit. The Braun defendants also submitted the plaintiff's deposition, however, in which the plaintiff testified that, although he had previously stepped on the metal plate without incident, about a week before the accident he observed the defendant David Braun remove the metal plate while working in his driveway.

The owner or possessor of property has a duty to maintain his or her property in a reasonably safe condition under the existing circumstances and may be liable in tort if the plaintiff can establish that the landowner either affirmatively created or had actual or constructive notice of a hazardous condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Kimen v False Alarm, Ltd.*, 69 AD3d 579 [2010]; *Williams v Long Is. R.R.*, 29 AD3d 900 [2006]). Here, contrary to their contention, the Braun defendants failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate material issues of fact as to whether David Braun created the alleged hazardous condition by removing and improperly replacing the metal cover or whether the Braun defendants had actual or constructive notice of such condition (*see Kimen v False Alarm, Ltd.*, 69 AD3d 579 [2010]; *see generally Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743 [1986]). Accordingly, the burden never shifted to the plaintiff to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Thus, those branches of the Braun defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them should have been denied.

The defendant Long Island Water Corporation submitted evidence sufficient to establish, prima facie, that it did not create the alleged hazardous condition (*see Winegrad v New York Univ.*

*Med. Ctr.*, 64 NY2d 851 [1985]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Weising v Fairfield Props.*, 6 AD3d 427 [2004]). Accordingly, the separate motion of the defendant Long Island Water Corporation for summary judgment dismissing the complaint insofar as asserted against it was properly granted. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.