11-2894-cv
Doe v. White Plains Hospital Medical Center

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                    *Chief Judge,*
            RICHARD C. WESLEY,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

JORDAN DOE, an individual,

                    *Plaintiff-Appellant,*

        -v.-                                11-2894-cv

DAWN FRENCH, Individually and as Vice
President of Marketing of WPHMC,

                    *Defendant,*

WHITE PLAINS HOSPITAL MEDICAL CENTER,
WPHMC, PATRICIA A. ALLINGER, Individually,
as Director of Critical Care of WPHMC,
JOHN SANCHEZ, Individually, as Vice
President Human Resources of WPHMC,
PATRICIA ANN DALIAN, Individually, as
Unit Manager of WPHMC, JON B. SCHANDLER,
Individually, as President and CEO of
WPHMC, LEIGH ANNE MCMAHON, Individually,

as Vice President of WPHMC,

*Defendants-Appellees.*

---

FOR APPELLANT:     STEPHEN J. SIMONI, Law Offices of Stephen J. Simoni, Monmouth Beach, N.J., *on the brief*.

FOR APPELLEES:     LAUREN M. LEVINE (Andrew L. Zwerling, *on the brief*), Garfunkel Wild, P.C., Great Neck, N.Y.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Appellant appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*), which granted the defendants-appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Grandon v. Merrill Lynch & Co., Inc.*, 147 F.3d 184, 188 (2d Cir. 1998). To withstand a motion to dismiss, the plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff-Appellant Jordan Doe claims that the district court erred in (1) dismissing his defamation, libel, libel *per se*, and slander claims ("defamation claims"); (2) dismissing his claim for breach of implied contract under *Wieder v. Skala*, 80 N.Y.2d 628 (1992); and (3) dismissing his breach of explicit contract claim grounded in language contained in the employee handbook distributed by Defendant-Appellee White Plains Hospital Medical Center ("the Hospital"). We address each of Doe's arguments in turn.

We find no error in the district court's dismissal of Doe's defamation claims. In assessing the viability of any defamation action, a court must first determine whether the purportedly defamatory statements constitute fact or opinion. *See Parks v. Steinbrenner*, 520 N.Y.S.2d 374, 375 (App. Div. 1st Dep't 1987). "[E]xpressions of an opinion[,] false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions." *Steinhilber v. Alphonse*, 68 N.Y.2d 283, 286 (1986)(internal quotation marks omitted).

3

Although the line between fact and opinion can at times be difficult to discern, *see id.* at 290, we have no trouble concluding here that the allegedly defamatory statements that Doe complains of constitute non-actionable opinion. While Doe is correct that some of the allegedly defamatory statements contain facts, we heed the New York Court of Appeals' admonition to avoid "the hypertechnical parsing of written and spoken words for the purpose of identifying possible facts that might form the basis of a sustainable [defamation] action." *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 156 (1993) (internal quotation marks and alteration omitted).

Similarly, we reject Doe's contention that the district court erred in dismissing his claim for breach of an implied contract under *Wieder v. Skala*, 80 N.Y.2d 628 (1992). We have found no case, and no case has been cited to us, finding an implied *Wieder* contract outside the limited confines of ethical duties arising in the context of legal employment. We decline Doe's invitation to be the first court to do so.

We finally turn to, and reject, Doe's argument that the district court committed error in dismissing his breach of

4

explicit contract claim based on language contained in the Hospital's employee handbook and materials referenced therein.  Because the handbook contained an explicit disclaimer that it did not constitute an employment contract, Doe cannot maintain an explicit breach of contract action.  *See Ashe v. Mohawk Valley Nursing Home, Inc.*, 701 N.Y.S.2d 536, 537 (App. Div. 4th Dep't 1999); *Gomariz v. Foote, Cone & Belding Commc'ns, Inc.*, 644 N.Y.S.2d 224, 225 (App. Div. 1st Dep't 1996).

We have considered Doe's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5