■ Robert N. Taub, Respondent, v Columbia University in the City of New York et al., Appellants. [52 NYS3d 10]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered July 26, 2016, which, among other things, granted the petition to the extent of remanding the matter to respondents (Columbia) for completion of the multistep process, delineated in the Faculty Handbook and in the University Statutes, for terminating professors with tenure and tenure of title; enjoined Columbia from, among other things, removing petitioner from his position and job duties, and ending his salary until the completion of the multistep process; and denied Columbia's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition denied, the injunction vacated, and Columbia's cross motion granted. The Clerk is directed to enter judgment dismissing the proceeding. Amended order, same court and Justice, entered December 7, 2016, which, to the extent appealed from as limited by the briefs, granted petitioner's motion to expand the injunctive relief provided in the order entered July 26, 2016, unanimously reversed, on the law, without costs, the motion denied, and the injunction vacated.

The record establishes that Columbia had a rational basis for preserving petitioner's title, but removing his job duties,

salary, laboratory space, and administrative support, without a hearing (*see* CPLR 7803 [3]; *see also O'Neill v New York Univ.*, 97 AD3d 199, 213 [1st Dept 2012]). The controlling Faculty Handbook makes clear that faculty possessing tenure of title, as petitioner did, are not entitled to a hearing unless their title itself is eliminated, which did not happen here. Given the foregoing, there is no basis for an injunction.

Petitioner improperly raised a breach of contract claim in this article 78 proceeding (*see Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; *see also Keles v Trustees of Columbia Univ. in the City of N.Y.*, 74 AD3d 435, 435-436 [1st Dept 2010], *lv dismissed* 16 NY3d 890 [2011], *cert denied* 565 US 884 [2011]), and there is no basis to convert the article 78 petition into a hybrid petition and complaint. The Faculty Handbook explicitly states that it is not a contract (*see Gomariz v Foote, Cone & Belding Communications*, 228 AD2d 316, 317 [1st Dept 1996]), and petitioner did not allege that any other contract had been breached. Petitioner improperly argues for the first time on appeal that Columbia breached his original appointment letter, and, in any event, the argument is unavailing. Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.