Galpern v Air Chefs, L.L.C. (2020 NY Slip Op 01021)





Galpern v Air Chefs, L.L.C.


2020 NY Slip Op 01021


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11023 650347/15

[*1] Robert Galpern, Plaintiff-Respondent,
v
Air Chefs, L.L.C., et al., Defendants-Appellants.


The Law Offices of Edward J. Troy, Greenlawn (Edward J. Troy of counsel), for appellants.
Ilganayev Law Firm, New York (Migir Ilganayev of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about February 26, 2019, which granted plaintiff's motion for summary judgment, deemed appeal from judgment (CPLR 5520[c]), same court and Justice, entered April 23, 2019, awarding plaintiff the sum of $400,316.92 representing unpaid rent, and, as so considered, the judgment unanimously modified, on the law, to vacate the judgment against defendant Sheeli Aggarwal and deny summary judgment on both liability and damages on the second cause of action upon the guaranty, and otherwise affirmed, without costs.
The motion court providently exercised its discretion under CPLR 2001 to disregard plaintiff's failure to submit the pleadings because the record was "sufficiently complete" and otherwise available to the court and parties on the NYSCEF docket (see e.g. Studio A Showroom, LLC v Yoon, 99 AD3d 632 [1st Dept 2012]).
As for defendants' arguments under the dead man's statute (CPLR 4519), plaintiff does not deny that he is a person "interested in the event," and that the communications described in his affidavit were with the decedent. Because the lease was entered into by defendant Air Chef, Inc., and defendants failed to present any evidence that the corporate defendant was entitled to raise the dead man's statute as a defense to the action (Herrmann v Sklover Group, 2 AD3d 307, 307 [1st Dept 2003]), the motion court properly awarded summary judgment on the first cause of action under the lease against defendant Air Chef, Inc.
We modify, however, with respect to the cause of action under the personal guaranty purportedly signed by the decedent, because although documentary evidence is admissible notwithstanding the dead man's statute, it must be "authenticated by a source other than an interested witness's testimony" (Matter of Press, 30 AD3d 154, 157 [1st Dept 2006]). Having failed to authenticate the guaranty through "a source other than an interested witness's testimony," plaintiff was not entitled to summary judgment on the guaranty.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK