Kinach v Tops Mkts., LLC (2021 NY Slip Op 02955)





Kinach v Tops Mkts., LLC


2021 NY Slip Op 02955


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1027 CA 19-02196

[*1]PAULINE KINACH, AS EXECUTRIX OF THE ESTATE OF PAUL KINACH, DECEASED, PLAINTIFF-RESPONDENT,
v
TOPS MARKETS, LLC, DEFENDANT, AND BATHCANPUL, LLC, DEFENDANT-APPELLANT. 






NASH CONNORS, P.C., BUFFALO (MATTHEW A. LOUISOS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
RALPH W. FUSCO, UTICA, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered October 30, 2019. The order denied the motion of defendant Bathcanpul, LLC for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff's decedent fell at a supermarket operated by defendant Tops Markets, LLC (Tops). The building was owned by defendant Bathcanpul, LLC (Bathcanpul) and leased to Tops. This negligence action was thereafter commenced to recover damages for the decedent's injuries. Bathcanpul moved for summary judgment dismissing the complaint against it on the ground that its status as an out-of-possession landlord precluded liability. Supreme Court denied the motion, and we now affirm.
Bathcanpul's failure to support its motion with an accurate copy of the pleadings "require[d] denial of the motion, regardless of the merits" (Tudisco v Mincer, 126 AD3d 1501, 1501 [4th Dept 2015]). Contrary to Bathcanpul's contention, the court providently exercised its discretion in refusing to disregard that oversight (cf. Galpern v Air Chefs, L.L.C., 180 AD3d 501, 502 [1st Dept 2020]). In any event, as the court correctly determined in the alternative, Bathcanpul failed to meet its initial burden of establishing that it was an out-of-possession landlord (see Thompson v Corbett, 13 AD3d 1060, 1061-1062 [4th Dept 2004]; Kreimer v Rockefeller Group, 2 AD3d 407, 408 [2d Dept 2003]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court