500 Eight Ave. LLC v Resource Training Ctr. Inc. (2022 NY Slip Op 05941)

500 Eight Ave. LLC v Resource Training Ctr. Inc.

2022 NY Slip Op 05941

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 160028/16 Appeal No. 16539 Case No. 2022-01487 

[*1]500 Eight Avenue Limited Liability Company, Plaintiff-Respondent,
v
Resource Training Center Inc., Also Known as The Resource Training Center Inc., Defendant-Appellant, Donna Mae Depola, Defendant.

C. S. Cardillo, P.C., New York (Christopher Cardillo of counsel), for appellant.
Rose & Rose, New York (James E. Bayley of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 10, 2022, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the issue of liability, and denied defendant Resource Training Center Inc. a/k/a The Resource Training Center, Inc.'s motion to amend the answer to assert the affirmative defense of accord and satisfaction and for summary judgment dismissing the complaint, unanimously affirmed.
It is undisputed that plaintiff landlord entered into a written commercial lease with defendant tenant in October 2011 for a term of 10 years, from January 1, 2012 through December 31, 2021. Defendant vacated the premises on August 1, 2016 and did not make any rental payments after that date. Based on these undisputed facts, the court correctly granted plaintiff's summary judgment motion on the issue of liability. The court providently exercised its discretion under CPLR 2001 by disregarding plaintiff's failure to submit the lease in its moving papers, as the record was sufficiently complete, defendant submitted the lease with its cross motion, and the lease was otherwise available to the court and the parties on the New York State Courts Electronic Filing docket from prior motion practice (see CPLR 2214[c]; see Galpern v Air Chefs, L.L.C., 180 AD3d 501, 502 [1st Dept 2020]).
The court also properly denied defendant's motion to amend its answer to assert the affirmative defense of accord and satisfaction and for summary judgment dismissing the complaint on that ground. Although defendant paid plaintiff a portion of the outstanding rent by check, the lease expressly precluded partial payment as settlement of unpaid rent, and also precluded waiver of any of its terms absent a writing signed by plaintiff (see 225 E. 64th St., LLC v Janet H. Prystowsky, M.D. P.C., 96 AD3d 536, 538 [1st Dept 2012]). On the day that plaintiff accepted the check, plaintiff's counsel informed defendant in writing that acceptance of the check was without prejudice to plaintiff's rights and remedies under the lease. Thus, there was not a clear manifestation that the payment was an accord and satisfaction of the outstanding rental payments (see Nationwide Registry & Sec. v B&R Consultants, 4 AD3d 298, 300 [1st Dept 2004]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022