■ LYNETTE PHILLIP, Appellant, v STERLING HOME CARE, INC., et al., Respondents. [959 NYS2d 546]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 2, 2012, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a home health aide/certified nurse assistant, was terminated from her employment with Sterling Home Care, Inc., and Osborn Home Care (hereinafter together the Sterling defendants), on the ground that she had stolen property belonging to the Sterling defendants' clients. Thereafter, the plaintiff commenced this action alleging, in the first cause of action, that the defendants defamed her when, in response to an inquiry from the New York State Department of Labor (hereinafter the DOL) on the plaintiff's application for unemployment benefits, they indicated that she had been discharged for theft. In the second and third causes of action, the plaintiff alleged that she was also defamed, via "compelled self-publication," when she disclosed on applications with potential employers that she had been accused, albeit falsely, of theft. Based on the same conduct, the plaintiff claimed in the fourth cause of action that the defendants had intentionally inflicted emotional distress. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and the Supreme Court granted the motion.

The statements the defendants made to the DOL in connection with the plaintiff's application for unemployment benefits were absolutely privileged (see Rosenberg v MetLife, Inc., 8 NY3d 359, 365-368 Ashe v Mohawk Val. Nursing Home, 262 AD2d 960, 961 [1999]; Noble v Creative Tech. Servs., 126 AD2d 611, 613 [1987]). Therefore, the first cause of action was subject to dismissal for failure to state a cause of action.

The Supreme Court also properly directed the dismissal of the second and third causes of action for failure to state a cause of action, since New York does not recognize defamation via compelled self-publication (see Wieder v Chemical Bank, 202 AD2d 168, 169-170 [1994]; see also Cweklinsky v Mobil Chem. Co., 267 Conn 210, 217-229, 837 A2d 759, 764-770 [2004]; Gonsalves v Nissan Motor Corp. in Haw., Ltd., 100 Haw 149, 171-173, 58 P3d 1196, 1218-1220 [2002]).

Finally, the fourth cause of action fails to allege sufficient facts to constitute extreme and outrageous conduct and, thus, the Supreme Court properly determined that it was subject to dismissal (see Howell v New York Post Co., 81 NY2d 115, 121 [1993]; Clark v Schuylerville Cent. School Dist., 24 AD3d 1162,

1164 [2005]; *LaDuke v Lyons*, 250 AD2d 969, 972-973 [1998]; *Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 263 [1995]; *Vardi v Mutual Life Ins. Co. of N.Y.*, 136 AD2d 453, 456 [1988]).

Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.