■ BARBARA KOSARIN-RITTER, Appellant, v MRS. JOHN L. STRONG, LLC, et al., Respondents. [986 NYS2d 453]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered March 5, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the discrimination claims under the New York City Human Rights Law (City HRL), unanimously affirmed, without costs.

Defendants established "that there is no evidentiary route that could allow a jury to believe that discrimination played a role in the [termination of plaintiff's employment]" (*Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 40 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]). Their evidence showed that they terminated plaintiff because of her poor work performance and hostile behavior. In opposition to defendants' motion, plaintiff failed to submit evidence tending to show that age discrimination was the real reason, or one of the reasons, for her termination (*see id.* at 40). Plaintiff complains about a comment about her hair, a provision about hair style in the company dress code, a comment about the company's "going young," and a video about senior citizens that she was sent by defendant's COO. However, she identifies no evidence from which it could be inferred that any of these remarks and incidents were discriminatory. The comment about her hair was made during a conversation about women's hair styles. She submitted no evidence that the dress code with respect to hair style was not applied equally to all employees. In view of defendant's uncontroverted evidence supporting the nondiscriminatory reasons it proffered for terminating plaintiff, the evidence that defendant subsequently hired younger employees is not sufficient to establish age discrimination (*see Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 123-124 [1st Dept 2012]). Moreover, as plaintiff concedes, defendant also hired older employees after she was terminated. Plaintiff's questioning of defendants' business judgment is also insufficient to give rise to an inference of discrimination (*id.* at 121).

The aforementioned comments and incidents are insufficient to support plaintiff's hostile work environment claim. They are merely isolated remarks and incidents that a reasonable trier of fact would find nothing more than "petty slights and trivial inconveniences" (*see Williams v New York City Hous. Auth.*, 61 AD3d 62, 79-80 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]). Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Gische, JJ.