■ PAMELA SACCOCCIA, Respondent, v STEPHEN T. GREEN-BERG, M.D., et al., Appellants. [26 NYS3d 123]—

In an action, inter alia, to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered April 15, 2015, as granted the plaintiff's motion for leave to reargue her opposition to their prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), which was decided in an order of the same court entered January 22, 2015, and, in effect, to resettle the order entered January 22, 2015, and, upon reargument, in effect, resettled the order entered January 22, 2015, to state that the complaint stated a cause of action sounding in medical malpractice against the defendants based upon the defendants allegedly performing surgery with the knowledge that an inferior vena cava filter had not been inserted pre-operatively.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 2005, the plaintiff commenced treatment with physician Gerrard Donnelly for hypercoagulopathy. The plaintiff decided to have cosmetic surgery, including breast augmentation and liposuction. In 2008, the plaintiff was no longer receiving anticoagulant therapy, and the defendant Stephen T. Greenberg, a surgeon, agreed to perform the surgery. Subsequent to the surgery, the plaintiff developed, inter alia, pulmonary emboli in the lungs and deep vein thrombosis in the legs, was hospitalized for a period of eight days—at least part of that time in intensive care—and alleg-

edly will be required to take anticoagulant medication for the rest of her life.

The plaintiff commenced two separate actions sounding in medical malpractice, one against Greenberg and Stephen T. Greenberg M.D., P.C. (hereinafter together the Greenberg defendants), and one against Donnelly. The actions were consolidated.

After issue was joined, Donnelly moved for summary judgment dismissing the complaint insofar as asserted against him. He asserted that he advised Greenberg that the risk of blood clotting could be minimized by insertion of an inferior vena cava filter (hereinafter IVC filter) prior to the surgery, and that the plaintiff should take Lovenox for several weeks after the surgery. However, the IVC filter was not inserted, and Greenberg did not give the plaintiff a prescription for Lovenox. After the plaintiff was discharged from the hospital, Donnelly called in a prescription for Lovenox to the plaintiff's pharmacy, and left messages on the plaintiff's voicemail after attempts to reach her directly were unsuccessful.

Both the plaintiff and the Greenberg defendants opposed the motion. By order entered September 6, 2013, the Supreme Court granted the motion, finding that Donnelly's recommendations to Greenberg with respect to insertion of the IVC filter prior to surgery, and prescribing anticoagulant medication subsequent to surgery, did not deviate from accepted standards of care, and Donnelly was not responsible for discharging the plaintiff from the hospital without a prescription for Lovenox. With respect to proximate cause, the Supreme Court noted that an expert affidavit stating that "the absence of the IVC filter was not the proximate cause of the plaintiff's claimed injury of having to remain on life-long anticoagulant therapy" was not rebutted.

Thereafter, the Greenberg defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them based upon the law of the case doctrine. They noted that, in granting summary judgment to Donnelly, the Supreme Court found that failure to insert the IVC filter could not have prevented the plaintiff's alleged need for life-long anticoagulation medication, because the IVC filter would only prevent emboli from traveling from the legs to the lungs, and would have no effect on the development of recurrent deep vein thrombosis in the legs and elsewhere. Although the court, in an order entered January 22, 2015, denied the motion, the court stated "as set forth in [the complaint], the claim asserted against the Greenberg defendants is circumscribed to that of

failing to order anticoagulant therapy upon the plaintiff's immediate discharge from the hospital." The plaintiff moved for leave to reargue, and, in effect, for resettlement of the order entered January 22, 2015, on the ground that the court overlooked the plaintiff's claim that "[h]ad the IVC filter been inserted prior to Dr. Greenberg performing the surgery, it would have captured the embolism, thereby preventing the embolism from traveling to the pulmonary artery, and there would not have been a need for [her] eight-day hospitalization." The court, in the order appealed from, granted reargument, and "modified" the order entered January 22, 2015, "to reflect the fact that in addition to the claim that Dr. Greenberg departed from good and accepted medical practice in failing to order anticoagulant therapy upon the plaintiff's discharge from the hospital, the plaintiff also claims that Dr. Greenberg departed from good and accepted practice in performing surgery with the knowledge that the [IVC] filter had not been inserted pre-operatively."

The issue on the instant appeal is whether the determination in the order entered September 6, 2013 constitutes law of the case with respect to whether the alleged failure of Dr. Greenberg to insert an IVC filter prior to the plaintiff's surgery proximately caused any injury to the plaintiff. The Supreme Court found that the plaintiff could still claim that Greenberg's performance of the surgery without inserting an IVC filter prior to the surgery caused the plaintiff to be hospitalized for an additional eight days, and therefore that cause of action was viable.

The law of the case doctrine " 'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision' " (*Ramanathan v Aharon*, 109 AD3d 529, 530 [2013], quoting *Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]). The determination in the order appealed from, on its face, is not inconsistent with the determination in the order entered September 6, 2013. The allegations and evidence against Donnelly and Greenberg were different. The fact that Donnelly's advice to Greenberg did not deviate from the accepted standard of care did not absolve Greenberg of liability, since Donnelly's advice allegedly was not followed by Greenberg. Further, the plaintiff's claim that the failure to insert an IVC filter prior to surgery caused an eight-day hospitalization was not an issue addressed and decided in the order entered September 6, 2013.

Accordingly, we affirm the order insofar as appealed from. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.