■ JEFFREY S. MACCHIO, Respondent-Appellant, v MICHAELS ELECTRICAL SUPPLY CORP. et al., Appellants-Respondents. [51 NYS3d 134]—

In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the defendants appeal from so much of an order of the Supreme Court,

Nassau County (Galasso, J.), entered July 17, 2014, as denied those branches of their motion which were for summary judgment dismissing the fourth and fifth causes of action, and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motion which were for summary judgment dismissing the first through third causes of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the first and second causes of action, and substituting therefor a provision granting that branch of the motion to the extent of directing the dismissal of so much of the first and second causes of action as alleged hostile work environment discrimination, and otherwise denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the plaintiff.

In 2005, the plaintiff was hired by the defendant Michaels Electrical Supply Corp. (hereinafter Michaels) and worked primarily as a delivery driver, but sometimes as a dispatcher. Additionally, in the course of his employment, the plaintiff sometimes performed duties at the defendant Redlyn Electric Corp., doing business as the defendant Louis Shiffman Electric (hereinafter together Shiffman). The defendant Marvin Greenberg was the president of Michaels and the plaintiff's supervisor. The plaintiff's employment was terminated on February 6, 2009, after he was absent that day from work, purportedly to take his mother to a medical appointment.

After his employment was terminated, the plaintiff commenced this action against, among others, Michaels, Shiffman, and Marvin Greenberg, alleging violations of the Human Rights Law (Executive Law § 290 *et seq.*; hereinafter NYSHRL), the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.*; hereinafter NYCHRL), the Fair Labor Standards Act (29 USC § 201 *et seq.*; hereinafter FLSA), and the Family and Medical Leave Act (29 USC § 2601 *et seq.*; hereinafter FMLA). The plaintiff also asserted a cause of action alleging fraudulent inducement relating to his absence on February 6, 2009.

In his complaint, the plaintiff alleged, among other things, that, throughout his employment at Michaels, he was subjected

to discriminatory epithets directed at his Italian-American ancestry, his association with African-Americans, and his affinity for African-American culture. He further alleged that he was denied raises and promotions because he is Catholic and the owners and managers of the business, including Marvin Greenberg and others, are Jewish. The plaintiff contended that when he began complaining about this alleged discrimination in 2008, the defendants retaliated against him by giving him undeserved disciplinary warnings. Before he began complaining about the alleged discrimination, the plaintiff had not received any warnings. Additionally, the plaintiff alleged that, during the course of his employment, he was entitled to, but did not receive, overtime pay when he worked through unpaid lunch half-hours. The plaintiff alleged that he had notified his supervisor of his need to be absent from work on February 6, 2009, that the absence was excused, and that it was protected under the FMLA.

After discovery, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the first through third causes of action, which alleged violations of the NYSHRL and the NYCHRL, denied those branches of the motion which were for summary judgment dismissing the fourth and fifth causes of action, which alleged violations of the FLSA and FMLA, respectively, and did not address the sixth cause of action, which alleged fraudulent inducement. The defendants appeal, and the plaintiff cross-appeals. We modify.

The NYSHRL prohibits discrimination in employment on the basis of "age, race, creed, color, national origin, sexual orientation, military status, sex, marital status, or disability" (Executive Law § 291 [1]; *see* Executive Law § 296 [1] [a]). It likewise prohibits retaliation for the exercise of rights under the law (*see* Executive Law § 296 [1] [e]). To establish a prima facie violation of this provision, a plaintiff has the burden of showing that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position at issue, (3) he or she was terminated from employment, and (4) the termination occurred under circumstances that give rise to an inference of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Furfero v St. John's Univ.*, 94 AD3d 695, 696 [2012]). In the context of a defendant's motion for summary judgment, however, the defendant need only establish, prima facie, the absence of any of these elements (*see Singh v Covenant Aviation Sec., LLC*, 131 AD3d 1158, 1160 [2015];

*Furfero v St. John's Univ.*, 94 AD3d at 697-698). In connection with the fourth element, a defendant, upon offering legitimate, nondiscriminatory reasons for the challenged action, is also required to demonstrate the absence of a triable issue of fact as to whether its explanation for its termination of the plaintiff's employment was pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Singh v Covenant Aviation Sec., LLC*, 131 AD3d at 1160; *Furfero v St. John's Univ.*, 94 AD3d at 697; *Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746, 746-747 [2010]; *see also Nettles v LSG Sky Chefs*, 94 AD3d 726, 728 [2012]).

The standards for recovery under the NYSHRL are similar to the federal standards under Title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*), and New York courts look to federal cases for guidance (*see Chiara v Town of New Castle*, 126 AD3d 111, 119, 122 [2015]). This Court, looking in part to federal precedent, has recently held that a plaintiff can state a claim under the NYSHRL based on association with a person who is a member of a protected category (*see id.* at 122; *Holcomb v Iona Coll.*, 521 F3d 130, 138-139 [2d Cir 2008]; *Tetro v Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F3d 988, 994-995 [6th Cir 1999]; *Parr v Woodmen of the World Life Ins. Co.*, 791 F2d 888, 891-892 [11th Cir 1986]). Thus, to the extent that the Supreme Court held that the plaintiff had no cause of action under the NYSHRL for discrimination based on his association with African-Americans, the court erred.

The NYCHRL prohibits discrimination in employment based upon "actual or perceived differences, including those based on race, color, creed, age, national origin, alienage or citizenship status, gender, sexual orientation, disability, marital status, partnership status, caregiver status, any lawful source of income, status as a victim of domestic violence or status as a victim of sex offenses or stalking, whether children are, may be or would be residing with a person[,] or conviction or arrest record," and retaliation based upon exercise of those rights (Administrative Code of City of NY § 8-101; *see* Administrative Code § 8-107 [1] [a] [3]; [7]). The NYCHRL further specifically prohibits discrimination based upon an individual's association with a member of a protected class (*see* Administrative Code § 8-107 [20]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action insofar as they alleged discrimination and retaliation in violation of the NYSHRL and the NYCHRL, and the third cause of action pursuant to the NYSHRL and the

NYCHRL, by proffering, among other things, a legitimate, nondiscriminatory reason for the plaintiff's termination. The defendants cited, among other things, the plaintiff's disciplinary record, which included numerous infractions. The plaintiff, however, raised triable issues of fact, inter alia, on the issue of pretext, by referring to his good disciplinary record for the first three years of his employment, followed by frequent citations for disciplinary issues which commenced only after he allegedly began complaining of discriminatory treatment on the basis of association, ancestry, and religion. Under these circumstances, the Supreme Court erred in determining that the plaintiff failed to raise triable issues of fact regarding so much of his first through third causes of action as alleged discrimination and retaliation in violation of the NYSHRL and NYCHRL. However, the plaintiff failed to raise a triable issue of fact on his claims under the NYSHRL and the NYCHRL alleging a hostile work environment on the basis of his ancestry and associations, which claims were included in the first and second causes of action. Although the plaintiff alleged that he had been subjected to racial and ethnic epithets, he proffered no evidence in response to the defendants' prima facie showing sufficient to raise a triable issue of fact. Accordingly, the court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the first and second causes of action as alleged hostile work environment discrimination (*see Harris v Forklift Systems, Inc.*, 510 US 17, 23 [1993]; *Forrest v Jewish Guild for the Blind*, 3 NY3d at 310-311; *Chiara v Town of New Castle*, 126 AD3d at 125).

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action, which alleged violations of the FMLA. The defendants contend, among other things, that the FMLA is inapplicable because Michaels employed fewer than the 50 employees necessary to meet the threshold for protection under the FMLA. In this respect, they contend that a prior order of the court, which determined venue, constitutes the law of the case as to the relationship between Michaels and Schiffman. The doctrine of "law of the case" is inapplicable here inasmuch as the issue of the relationship between Michaels and Schiffman for purposes of the FMLA was not " 'necessarily resolved on the merits' " in the prior order (*Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717, 717 [2012], quoting *Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]; *see Saccoccia v Greenberg*, 136 AD3d 881, 883 [2016]; *Ramanathan v Aharon*, 109 AD3d 529, 530 [2013]). Moreover, the court properly held that there are triable issues of fact on whether the two companies should be

considered together under the "single employer doctrine" or the "joint employer doctrine" (*see Griffin v Sirva Inc.*, 835 F3d 283, 292 [2d Cir 2016]). Additionally, the court correctly held that there are triable issues of fact as to the plaintiff's claims alleging violation of the FMLA. Accordingly, the court properly denied that branch of the defendants' motion which was for summary judgment dismissing this cause of action. The court also correctly concluded that the plaintiff raised triable issues of fact regarding the fourth cause of action, which alleged violations of the FLSA.

We decline to address any arguments relating to that branch of the defendants' motion which was for summary judgment dismissing the sixth cause of action, which alleged fraudulent inducement. The Supreme Court did not address that branch of the motion, which remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The parties' remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.