■ Nancy Bull, Respondent-Appellant, v Metropolitan Jewish Health System, Inc., Appellant-Respondent. [58 NYS3d 565]—

In an action, inter alia, in effect, to recover damages for discrimination in employment on the basis of disability and age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendant appeals from so much of an order of the Supreme Court, Kings County (Ash, J.), dated September 25, 2015, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment on the causes of action alleging discrimination in employment on the basis of disability in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff commenced this action against the defendant, her former employer, inter alia, in effect, to recover damages for employment discrimination on the basis of disability and age in violation of the New York State Human Rights Law (*see* Executive Law § 296 [hereinafter NYSHRL]) and the New York City Human Rights Law (*see* Administrative Code of City of NY § 8-107 [hereinafter NYCHRL]). The plaintiff alleged that the defendant discriminated against her on the basis of her age and disability by terminating her employment because she was physically restricted from performing a certain filing task, as she had recently undergone surgery and was still recovering. The plaintiff also alleged that after she was discharged, the defendant misrepresented the facts regarding the circumstances of her discharge to the New York State Department of Labor in order to prevent her from claiming unemployment benefits. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the causes of action alleging disability discrimination under the NYSHRL and the NYCHRL. The Supreme Court denied both motions. The defendant appeals, and the plaintiff cross-appeals.

The Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging violations of the NYSHRL. In support of its motion, the defendant submitted the medical documentation that the plaintiff provided the defendant when she returned to work following her surgery, which indicated that she was cleared for work "without restrictions." This evidence established, prima facie, that the plaintiff did not suffer a disability requiring any accommodation at the time her employment was terminated (*see Matter of Delta Air Lines v New York State Div. of Human Rights*, 91 NY2d 65 [1997]; *Caban v New York Methodist Hosp.*, 119 AD3d 717, 718 [2014]; *cf. Matter of Levi v Lauro*, 58 AD3d 851, 852 [2009]). In addition, the defendant met its burden of offering a legitimate, nondiscriminatory reason for terminating the plaintiff's employment and demonstrated that there were no material issues of fact as to whether those explanations were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Moise v Uptown Communications & Elec., Inc.*, 134

AD3d 782, 782-783 [2015]; *Singh v Covenant Aviation Sec., LLC*, 131 AD3d 1158, 1159-1160 [2015]; *Furfero v St. John's Univ.*, 94 AD3d 695, 697 [2012]). In opposition to this showing, the plaintiff failed to raise a triable issue of fact, inter alia, as to whether the defendant's proffered explanations for the termination of her employment were merely pretextual (*see Singh v Covenant Aviation Sec., LLC*, 131 AD3d at 1160; *Furfero v St. John's Univ.*, 94 AD3d at 698; *Hawkins v City Univ. of N.Y.*, 66 AD3d 553, 554 [2009]).

The Supreme Court also should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging violations of the NYCHRL. In that regard, the defendant made a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination played a role in its challenged actions (*see Moise v Uptown Communications & Elec., Inc.*, 134 AD3d at 783; *Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d 805, 806 [2013]; *Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d 924, 927 [2012]; *Furfero v St. John's Univ.*, 94 AD3d at 698; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d at 806).

Further, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action based on testimony its employees gave before the New York State Department of Labor, as the testimony at issue was absolutely privileged (*see generally Wiener v Weintraub*, 22 NY2d 330, 332-333 [1968]; *Phillip v Sterling Home Care, Inc.*, 103 AD3d 786, 787 [2013]; *Ashe v Mohawk Val. Nursing Home*, 262 AD2d 960, 961 [1999]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. For the same reasons, the plaintiff's motion for summary judgment on the causes of action alleging disability discrimination was properly denied. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.