Persaud v Walgreens Co. (2018 NY Slip Op 03555)





Persaud v Walgreens Co.


2018 NY Slip Op 03555


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-08488
 (Index No. 7297/10)

[*1]Monica Persaud, et al., appellants, 
v
Walgreens Co., et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Epstein Becker & Green, P.C., New York, NY (Lauri F. Rasnick of counsel), for respondents Walgreens Co., Gary Calabrese, Heather Olsen, Debra Lord, Kelly O'Rourke, Jeanne Ocvirek, and Janis Perrin.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of Administrative Code of the City of New York § 8-107, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered June 22, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Administrative Code of the City of New York § 8-107.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs are four Guyanese women of Indian descent who were previously employed by the defendant Walgreens-OptionCare, Inc., a wholly owned subsidiary of the defendant Walgreens Co. In 2010, the plaintiffs commenced this action against Walgreens Co., Walgreens-OptionCare, Inc., and several former coworkers and supervisors—the defendants Gary Calabrese, Heather Olsen, Debra Lord, Kelly O'Rourke, Jeanne Ocvirek, and Janis Perrin—to recover damages for, inter alia, employment discrimination on the basis of race and national origin in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq. [hereinafter the NYCHRL]; see Administrative Code of City of NY § 8-107). Thereafter, the defendants moved for summary judgment dismissing the complaint. The Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of the NYCHRL. The plaintiffs appeal.
The NYCHRL prohibits discrimination in employment based upon, inter alia, race and national origin (see Administrative Code of City of NY § 8-107[1][a]; Macchio v Michaels Elec. Supply Corp., 149 AD3d 716, 719). "[A] defense motion for summary judgment in an action brought under the NYCHRL must be analyzed under both the familiar framework of McDonnell Douglas Corp. v Green (411 US 792 [1973]) and under the newer mixed motive' framework, which imposes a lesser burden on a plaintiff opposing such a motion" (Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 72-73; see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29). "Summary [*2]judgment dismissing a claim under the NYCHRL should be granted only if no jury could find defendant liable under any of the evidentiary routes—McDonnell Douglas, mixed motive, direct evidence, or some combination thereof" (Hamburg v New York Univ. Sch. of Medicine, 155 AD3d at 73 [internal quotation marks omitted]; see Melman v Montefiore Med. Ctr., 98 AD3d 107, 113).
Here, although the Supreme Court erred to the extent that it failed to analyze the defendants' motion for summary judgment under the "mixed motive" framework, summary judgment dismissing the plaintiffs' employment discrimination claims was nonetheless warranted (see Clark v Morelli Ratner PC, 73 AD3d 591). The defendants made a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination played a role in their challenged actions (see Bull v Metropolitan Jewish Health Sys., Inc., 152 AD3d 639, 641; Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 515-516; Baldwin v Cablevision Sys. Corp., 65 AD3d 961, 966). In opposition, the plaintiffs failed to raise a triable issue of fact (see Kaiser v Raoul's Rest. Corp., 112 AD3d 426, 427; Melman v Montefiore Med. Ctr., 98 AD3d at 121; Dickerson v Health Mgt. Corp. of Am., 21 AD3d 326, 327-329).
We agree with the Supreme Court's determination directing the dismissal of the causes of action alleging the creation of a hostile work environment in violation of the NYCHRL (see Buchwald v Silverman Shin & Byrne PLLC, 149 AD3d 560; Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 26; Kosarin-Ritter v Mrs. John L. Strong, LLC, 117 AD3d 603, 604).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court