Ellison v Chartis Claims, Inc. (2019 NY Slip Op 08654)





Ellison v Chartis Claims, Inc.


2019 NY Slip Op 08654


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-12309
 (Index No. 502167/12)

[*1]John B. Ellison, appellant,
v
Chartis Claims, Inc., et al., respondents.


John B. Ellison, Albany, Georgia, appellant pro se.
Paul Hastings LLP, New York, NY (Patrick W. Shea and Kelsey V. Pruner of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of race and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 23, 2016. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the second amended complaint and denied those branches of the plaintiff's separate cross motions which were for summary judgment on the third and seventh through ninth causes of action and to strike certain portions of the defendants' reply papers.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring (1) that the defendants were legally entitled to condition the plaintiff's continued employment on his execution of the promissory note and its timely payment, (2) that the promissory note was not unconscionable, and (3) that the promissory note was not procured by duress.
The plaintiff worked at the defendant company (hereafter AIG) from 2000 until his employment was terminated on July 20, 2011. The plaintiff commenced this action to recover damages for race discrimination and retaliation in violation of the New York State Human Rights Law (Executive Law art 15; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL), and for declaratory relief. The second amended complaint alleged race discrimination and retaliation relating to: (1) the termination of his employment; (2) conditions of employment; (3) his salary; (4) failure to promote; and (5) hostile work environment/harassment under the NYCHRL. The seventh through ninth causes of action sought a judgment declaring that termination was not a permissible remedy under a promissory note executed by the plaintiff and that the promissory note was void as unconscionable and as signed under duress.
The defendants moved for summary judgment dismissing the second amended complaint. The plaintiff cross-moved, inter alia, for summary judgment on his third and seventh through ninth causes of action, and separately cross-moved, inter alia, to strike certain portions of the defendants' reply papers. In an order dated September 23, 2016, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motions. The plaintiff appeals.
The NYSHRL and the NYCHRL prohibit discrimination in employment on the basis [*2]of race (see Executive Law § 296[1][a]; Administrative Code of City of NY § 8-107[1][a]). Moreover, under both the NYSHRL and NYCHRL, it is unlawful to retaliate against an employee for opposing discriminatory practices (see Executive Law § 296[1][e], [7]; Administrative Code of the City of NY § 8-107[7]).
To establish a prima facie case of discrimination on the basis of race under the NYSHRL, a plaintiff must demonstrate that (1) the plaintiff is a member of a protected class, (2) the plaintiff was qualified to hold the position, (3) the plaintiff suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 6 NY3d 265, 270; Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305). To establish a prima facie case of retaliation under the NYSHRL, a plaintiff must show that (1) the plaintiff has engaged in protected activity, (2) the employer was aware that the plaintiff participated in such activity, (3) the plaintiff suffered an adverse employment action based upon the activity, and (4) there is a causal connection between the protected activity and the adverse action (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305). The burden then shifts to the defendant to rebut the plaintiff's prima facie case of discrimination or retaliation with a legitimate, nondiscriminatory, or nonretaliatory reason for the adverse employment action (see id.). If the defendant meets this burden, then the burden shifts back to the plaintiff to offer admissible evidence that the reasons proffered by the defendants were pretextual (see St. Mary's Honor Center v Hicks, 509 US 502, 506-507, 511; Texas Dept. of Community Affairs v Burdine, 450 US 248, 254; McDonnell Douglas Corp. v Green, 411 US 792, 802-806; Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 6 NY3d at 270-271).
To establish entitlement to summary judgment dismissing a cause of action alleging discrimination or retaliation under the NYSHRL, the defendant must demonstrate that the plaintiff cannot make out a prima facie claim or, having offered legitimate, nondiscriminatory, or nonretaliatory reasons for the challenged actions, the absence of a material issue of fact as to whether the explanations were pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Keceli v Yonkers Racing Corp., 155 AD3d 1014, 1015; Furfero v St. John's Univ., 94 AD3d 695, 697). Thereafter, to defeat the motion, the plaintiff must raise a triable issue of fact as to whether the reasons proffered by the defendant were merely a pretext for discrimination or retaliation (see Forrest v Jewish Guild for the Blind, 3 NY3d at 307; Furfero v St. John's Univ., 94 AD3d at 697).
Under the NYCHRL, unlawful discrimination must play "no role" in an employment decision (Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1161 [internal quotation marks omitted]; see Administrative Code of City of New York § 8-101). Thus, a defense motion for summary judgment must be analyzed under both the McDonnell Douglas framework and the "mixed motive" framework, which imposes a lesser burden on a plaintiff opposing such a motion (Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 73; see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 45). A defendant must make "a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination played a role in their challenged actions" (Cenzon-Decarlo v Mount Sinai Hosp., 101 AD3d 924, 927; see Moise v Uptown Communications & Elec., Inc., 134 AD3d 782, 783). A plaintiff may defeat summary judgment by coming forward either with evidence that the defendant's stated reasons were a pretext for discrimination or with evidence that discrimination was one of the motivating factors for the defendant's conduct (see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d at 73). Similarly, where the defendant produces nonretaliatory reasons for the challenged action, the plaintiff must either raise an issue of fact as to pretext or as to whether, "regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive" (Brightman v Prison Health Serv., Inc., 108 AD3d 739, 741; see Ananiadis v Mediterranean Gyros Prods., Inc., 151 AD3d 915, 919).
Here, we agree with the Supreme Court's determination that the defendants met their prima facie burden on the causes of action alleging unlawful termination, discriminatory/retaliatory conditions of employment, salary discrimination, and failure to promote under the NYSHRL and the NYCHRL by offering legitimate, nondiscriminatory, and nonretaliatory reasons for the challenged actions and demonstrating that there is no evidentiary route that could allow a jury to believe that discrimination or retaliation played a role in their challenged actions (see Cenzon-Decarlo v Mount Sinai Hosp., 101 AD3d at 927). The defendants met their burden with respect to the failure to [*3]promote cause of action, even if the promotions the plaintiff interviewed for outside the limitations period are considered under the NYCHRL pursuant to the continuing violations doctrine (see Jeudy v City of New York, 142 AD3d 821, 823; Williams v New York City Hous, Auth., 61 AD3d 62, 72-73; Sotomayor v City of New York, 862 F Supp 2d 226, 250-251 [ED NY], affd 713 F3d 163 [2d Cir]).
In opposition, the plaintiff failed to raise a triable issue of fact that the proffered explanations were a pretext for discrimination or retaliation or that discrimination or retaliation was one of the motivating factors for the challenged actions (see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d at 73; Brightman v Prison Health Serv., Inc., 108 AD3d at 741). The plaintiff offered nothing but speculation that any of the defendants' challenged actions were motivated, even in part, by unlawful discrimination or retaliation, and such speculation is insufficient to defeat summary judgment (see Grella v St. Francis Hosp., 149 AD3d 1046, 1049; Trovato v Air Express Intl., 254 AD2d 349, 350). The plaintiff's reliance on numerical data concerning the salaries and promotions of black employees in the unit, relative to non-black employees, "as evidence of pretext or bias is unavailing, because the sample sizes are too small to support an inference of discrimination'" (Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 517, quoting Armstrong v Sensormatic/ADT, 100 AD3d 492, 493). Moreover, the numerical data "does not indicate whether the cited employees were similarly situated, and, unsupported by any expert testimony, otherwise fails to support an inference of discriminatory motive" (Weit v Flaum, 258 AD2d 286, 286; see Arendt v General Elec., 305 AD2d 762, 764).
The fifth and sixth causes of action alleged hostile work environment and harassment under the NYCHRL only. "[U]nder the [NYCHRL], liability for a harassment/hostile work environment claim is proven where a plaintiff proves that he or she was treated less well than other employees because of the relevant characteristic" (Nelson v HSBC Bank USA, 87 AD3d 995, 999). However, since the law does not operate as a general civility code, there is "an affirmative defense whereby defendants can still avoid liability if they prove that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences" (id. at 999 [internal quotation marks omitted]; see Williams v New York City Hous, Auth., 61 AD3d at 79-80). Here, the defendants demonstrated that the two isolated remarks challenged by the plaintiff constituted no more than petty slights or trivial inconveniences (see Kosarin-Ritter v Mrs. John L. Strong, LLC, 117 AD3d 603, 604). In opposition, the plaintiff failed to raise a triable issue of fact.
Finally, we agree with the Supreme Court's determination that the promissory note executed by the plaintiff to repay a tuition reimbursement advance made by AIG for courses which the plaintiff did not complete is not rendered unenforceable based upon the threat of termination made by AIG should the plaintiff fail to sign the promissory note or fail to timely make payments thereunder. "[A]bsent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" (Murphy v American Home Prods. Corp., 58 NY2d 293, 305; see Coyle v College of Westchester, Inc., 166 AD3d 722, 725). "When there is an at-will employment relationship, the employer may unilaterally alter the terms of employment, and the employee may end the employment if the new terms are unacceptable" (Minovici v Belkin BV, 109 AD3d 520, 523). Since the plaintiff was an at-will employee, the defendants could properly condition his continued employment on his execution of the promissory note and its timely payment, and the promissory note was not unconscionable or procured by duress (see Di Siena v Di Siena, 266 AD2d 673, 675).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the second amended complaint, and denying those branches of the plaintiff's cross motion which were for summary judgment on the third and seventh through ninth causes of action.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring (1) that the defendants were legally entitled to condition the plaintiff's continued employment on his execution of the promissory note and its timely payment, (2) that the promissory note was not unconscionable, and (3) that the promissory note was not procured by duress (see Lanza v Wagner, 11 NY2d 317).
The plaintiff's remaining contention is without merit (see Studer v Newpointe Estates Condominium, 152 AD3d 555, 557).
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court